FILED
SUPERIOR COURT
OF GUAM

2019 JUL 23 PM 1:49

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| **PEOPLE OF GUAM,** | ) | **Case No. CF0648-15** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECISION & ORDER** |
| | ) | |
| | ) | |
| **JOSEPH JEROME MATERNE,** | ) | |
| DOB: 04/17/1973 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 14, 2019 for a hearing on a submission by Defendant Joseph Materne of a Motion to Reduce Sentence. The Defendant is represented by Attorney Terrence Timblin, and Assistant Attorney General Sean Brown appeared on behalf of the People of Guam. After hearing the arguments of the parties, and considering the applicable law, the Court now issues this Decision and Order denying the Defendant's motion on jurisdictional grounds.

## BACKGROUND

The Defendant pled guilty to Second Degree Robbery (as a Third Degree Felony) with a Special Allegation: Use of a Deadly Weapon in the Commission of a Felony pursuant to a plea agreement. (Judgment at 1, Sep. 13, 2018). Per the terms of the plea agreement, the Defendant would serve five years for the charge of Second Degree Robbery, and the parties would argue a

range of five to twelve years for the Special Allegation with credit for time served. (Plea Agreement (Joseph Materne) at 4, Mar. 17, 2017). At the sentencing hearing on August 22, 2018, the Court sentenced the Defendant to seven years incarceration for the Special Allegation to run consecutive to the Defendant's five year sentence for the Robbery charge. (Minute Entry, Aug. 18, 2018); (Judgment at 2). A Judgment of Conviction was entered against the Defendant on September 13, 2018. (Notice of Entry on Docket, Sep. 13, 2018).

Due to a clerical error, the Defendant's attorney was never served with the Notice of Entry of the judgment. (Notice of Entry on Docket, Sep. 13, 2018) (serving a copy of the Notice on the Public Defender Service Corporation). In April 2019, Defendant filed a Motion for Entry of Judgment, at which point the incorrect service was discovered and remedied. (Mot. Entry of Judg., Apr. 16, 2019); (Amended Notice of Entry on Docket, Apr. 17, 2019). Having received notice of the judgment the Defendant withdrew his Motion for Entry of Judgment and filed a Motion to Reduce Sentence. (Notice of Withdraw of Mot., May 3, 2019); (Mot. Reduce Sentence, May 6, 2019). The Court held a hearing on the motion and subsequently took the matter under advisement. (Minute Entry, Jun. 14, 2019).

## DISCUSSION

Under Guam Law, a court may reduce a defendant's sentence within one hundred twenty (120) days after the sentence is imposed. 8 GCA § 120.46. As a threshold matter, this Court must determine whether the motion was timely filed within the time limit prescribed by statute. *Id.* The People contend that the Defendant's motion is untimely as it was filed two hundred thirty-five (235) days from the entry of the judgment (*See* People's Opposition at 2, Jun 14. 2018). The Defendant argues that, since he was never served with the Notice of Entry, the time limit should run from when he was served with the Notice. (Minute Entry, Jun. 14, 2019).

The statute reads:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 GCA § 120.46. The Guam Supreme Court has not yet considered the issue of when a sentence is imposed within the meaning of the statute. However, the 1986 case of *People of Guam v. Cepeda*, 1986 WL 68898 (D. Guam App. Div. 1986) is instructive as to when the one hundred twenty (120) day time period beings under 8 GCA § 120.46.[1]

In *Cepeda*, the defendant filed a motion to reduce his sentence one hundred thirteen (113) days after entry of the written judgment and one hundred twenty-one (121) days after the oral pronouncement of sentence. *Cepeda*, 1986 WL 68898 at *1. The trial court dismissed for lack of jurisdiction. *Id.* The defendant argued that time period prescribed by the pre-1987 version of Federal Rule of Criminal Procedure 35[2] is flexible and allows courts to retain jurisdiction to reduce a defendant's sentence for a reasonable time after the deadline. *Id.* (defendant citing *United States v. Smith*, 650 F.2d 206) (9th Cir. 1981)). The defendant alternatively argued that sentencing takes place when the sentence is entered on the court's

---

[1] The Guam Supreme Court has previously held that it will "not deviate from precedent of the Appellate Division of the District Court of Guam if it is well established in law and well reasoned . . . [or] unless reason supports such deviation." *Limtiaco v. Guam fire Dept.*, 2007 Guam 10 n. 9 (citations omitted).

[2] The pre-1987 version of Federal Rule of Criminal Procedure 35(b) read in relevant part:
"A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation." *See* Fed. R. Crim. Pro 35 at Credit(s) (Westlaw U.S.C.A. 2019).

docket. *Id.* at *2. The government argued that "the imposition of sentence is at the oral pronouncement." *Id.*

The *Cepeda* court agreed with the government, affirming that the trial court was without jurisdiction, and that the defendant's motion was untimely. In reasoning its decision, the court first noted that no Ninth Circuit cases were on point. *Id.* at *1-2.[3] The court instead relied on a case from the district court of Connecticut, *United States v. DeVito*, 99 F.R.D. 113 (D. Conn. 1983), holding that a sentence is imposed during the oral pronouncement of sentence in the defendant's presence because the pronouncement represents the only "legally cognizable sentence" and the written judgment is simply "mere evidence." *Id.* at *2; *see also U.S. Munoz-Dela Rosa*, 495 F.2d 253 (9th Cir. 1974). The court also cited cases from other jurisdictions which had reached the same conclusion and had statutes with language similar to Guam. *Id.* at *3 (collecting cases). Last, the court considered the language of statutes regarding sentencing in Title 8. *Id.* The court noted that the statutes which related to the written recording of the sentence used the term "judgment," whereas other statutes referencing the defendant and his counsel's presence all used similar variations of the terminology "sentence is imposed." *Id.* (comparing 8 GCA §§ 1.13, 120.26, and 120.30 with § 120.18). The court reasoned that in order to read the statutes in harmony, and in light of the decisions of other courts, the terminology "sentence is imposed" must be interpreted as referring the oral pronouncement of the sentence, and not the written judgment. *See id.*

This Court agrees with holding of the District Court of Guam Appellate Division in *Cepeda*. The holding in *Cepeda* is supported by other federal cases interpreting both the pre-

---

[3] The Appellate Division found that *Smith and Coleman* were inapplicable to the case before them because the defendants in *Smith* had all timely filed their motions and *Coleman* did not involve a motion to reduce sentence under Federal Rule 35. *See Cepeda*, 1986 WL 68898 at *1-2.

1987 version and current version of Federal Rule 35. *United States v. Audino*, 1989 WL 2702 at *1 n.2 (W.D.N.Y. 1989); *United States v. Fowler*, 897 F. Supp. 502 (citing *United States v. Townsend*, 32 F.3d 1230, 1231 (10th Cir. 1994); *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997). Furthermore, it is the majority consensus that a sentence is imposed on the day the sentence is orally pronounced and not when the judgment is entered. *United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001).[4] Since the language 8 GCA § 120.46 is identical to pre-1987 Federal Rule 35, this Court finds that a similar rational is appropriate in this case, and finds that there is no reason to deviate from the holding in *Cepeda*. 8 GCA § 120.46 at Note. Therefore, this Court holds that the one hundred twenty (120) day time period for reducing a defendant's sentence pursuant to 8 GCA § 120.46 begins on the date when the Court makes an oral pronouncement of the sentence in the defendant's presence.

Turning to the present case, the Court orally pronounced the Defendant's sentence on August 22, 2018 and the Defendant filed his Motion for Reduction of Sentence on May 6, 2019. The Defendant's motion was filed two hundred fifty-seven (257) days after the imposition of his sentence, well over the one hundred and twenty (120) day time period prescribed by 8 GCA § 120.46. Since the Defendant does not assert that his sentence is an illegal sentence, this Court is without jurisdiction to reduce the Defendant's sentence.

///

---

[4] The Second, Fourth, Ninth, Tenth, and Eleventh Circuits hold that a sentence is "imposed" the day the sentence is orally pronounced. *Wisch*, 275 F.3d at 262. Only the First and Seventh Circuits hold that a sentence is imposed when the judgment is entered. *Id.*

///

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Reduce Sentence is **DENIED**.

**IT IS SO ORDERED** on this 23rd day of July, 2019.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: 7/23/19  Time: 153,a

Deputy Clerk, Superior Court of Guam